UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COURTNEY O. GATHERS,
    Petitioner,

vs.                        Case No.:  4:20cv587/MW/EMT

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Courtney O. Gathers (Gathers) commenced this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent (the State) filed a motion to dismiss the petition as untimely (ECF No. 10). Gathers responded in opposition to the motion to dismiss (ECF Nos. 14, 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C) and Fed. R. Civ. P. 72(b). After careful consideration of the parties' submissions, it is the opinion of the undersigned that Gathers' habeas petition should be dismissed as untimely.

I.    PROCEDURAL HISTORY

Page 2 of 13

The procedural history of Gathers' conviction and state post-conviction challenges to his conviction are established by the state court record submitted with the State's motion to dismiss (*see* ECF Nos. 10-1 through 10-17).[1] On November 25, 2014, a jury in the Circuit Court in and for Leon County, Florida, Case No. 2012-CF-3681, found Gathers guilty of Aggravated Battery (Great Bodily Harm and Pregnant Victim) (Count 2), Grand Theft of Motor Vehicle (Count 5), and Fleeing or Attempting to Elude Officer (Count 6) (ECF No. 10-1 at 145–60 (verdicts), 10-2 (transcript of jury trial)). On March 3, 2015, the trial court sentenced Gathers, as a Prison Releasee Reoffender, to a term of thirty years in prison with a 15-year mandatory minimum on Count 2, and concurrent 5-year sentences on Counts 5 and 6, to run concurrently with the sentence on Count 2 (ECF No. 10-1 at 167–76 (judgment)).

Gathers appealed the judgment and sentence to the Florida First District Court of Appeal ("First DCA"), Case No. 1D15-1078, (ECF No. 10-4 (Gathers' initial brief); ECF No. 10-5 (the State's answer brief); ECF No. 10-6 (Gathers' reply brief)). The First DCA affirmed the judgment and sentence on March 28, 2016, and denied Gathers' motion for rehearing on May 3, 2016 (ECF No. 10-7 at 4 (decision);

---

[1] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

Case No.: 4:20cv587/MW/EMT

ECF No. 10-8 at 8 (order denying motion for rehearing)). *Gathers v. State*, 190 So. 3d 65 (Fla. 1st DCA 2016) (Table).

On December 4, 2016, Gathers filed a pro se petition for writ of habeas corpus in the First DCA, Case No. 1D16-5746, alleging ineffective assistance of appellate counsel (ECF No. 10-9 (state habeas petition)). The First DCA denied the habeas petition on August 1, 2017, and denied Gathers' motion for rehearing on August 29, 2017 (ECF No. 10-11 (order denying petition); ECF No. 10-12 (order denying motion for rehearing)). *Gathers v. State*, 224 So. 3d 792 (Fla. 1st DCA 2017) (Mem).

On December 21, 2017, Gathers filed a counseled motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (ECF No. 10-13 at 29 (Rule 3.850 motion)). The circuit court held an evidentiary hearing (10-13 at 441 through 10-14 at 45 (transcript of evidentiary hearing)) and subsequently denied the Rule 3.850 motion (ECF No. 10-13 at 438 (order)). Gathers appealed the decision to the First DCA, Case No. 1D18-3403 (ECF No. 10-15 at 142–64 (Gathers' initial brief); ECF No. 10-16 (the State's answer brief)). The First DCA affirmed the lower court's decision on December 17, 2019 (ECF No. 10-17 at 3–4 (decision)). *Gathers v. State*, 286 So. 3d 246 (Fla. 1st

DCA 2019) (Table). The mandate issued January 14, 2020 (ECF No. 10-17 at 2 (mandate)).

Gathers filed his § 2254 petition on December 18, 2020 (ECF No. 1 at 1).

II.   DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

The parties do no dispute that the appropriate statutory trigger for the federal limitations period is the finality date of Gathers' criminal judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 1 at 32; ECF No. 10 at 7). The record demonstrates that Gathers' conviction became final August 1, 2016 (a Monday), which was ninety days after the First DCA's denial of Gathers' motion for rehearing on May 3, 2016. *See* Sup. Ct. R. 13.3 (time to file a petition for writ of certiorari runs from date of state court's denial of rehearing). The one-year federal limitations period commenced on August 2, 2016, the day after Gathers' "finality date."[2]

The parties agree that the federal limitations period ran untolled until Gathers filed his pro se state habeas petition (*see* ECF No. 1 at 33; ECF No. 10 at 8). According to the prison mailbox rule, Gathers filed his state petition on December 4, 2016 (*see* ECF No. 10-9 at 14).[3] On this date, **124 days** of the federal limitations period had run. The state habeas petition remained pending until August 29, 2017, the date the First DCA denied Gathers' motion for rehearing.

---

[2] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

[3] Gathers' state habeas petition includes a signed certification that he placed the petition in the hands of prison officials for mailing on December 4, 2016 (*see* ECF No. 10-9 at 14).

Page 6 of 13

The parties agree that the federal limitations period recommenced on August 30, 2017 and ran untolled for **113 days**, when Gathers' counsel filed the Rule 3.850 motion on December 21, 2017 (*see* ECF No. 1 at 33; ECF No. 10 at 8). The Rule 3.850 motion remained pending until January 14, 2020, upon issuance of the First DCA's mandate in the post-conviction appeal. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

The federal limitations period commenced the next day, on January 15, 2020. Gathers had **128 days** of his federal limitations period remaining (**365 days - 124 days - 113 days = 128 days**).

Gathers contends he is entitled to equitable tolling of the limitations period from April 2020 until December 2020 (*see* ECF No. 1 at 33–36). Section 2244(d) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Equitable tolling is a rare and extraordinary remedy. *See San Martin*, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citation omitted). The diligence required to qualify for equitable tolling is "reasonable diligence, not maximum feasible diligence." *See San Martin*, 633 F.3d

at 1267 (internal quotation marks and citation omitted). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See id*.

Gathers alleges from April 2020 until December 2020, he was unable to obtain the § 2254 petition form and copying services from institutional law libraries at Liberty Correctional Institution and Taylor Correctional Institution and Annex due to COVID-19 restrictions (*id.* at 34–35). Gathers states from May 2020 until December 2020, access to law libraries throughout the FDOC prison system was restricted to inmates with verified legal deadlines of 20 days or less (*id.* at 35). Gathers also alleges he did not have access to his legal documents from May 5, 2020 to September 16, 2020 due to his placement in administrative confinement (*id.* at 34–35), and he did not have access to his documents from September 16, 2020 through October 2020 due to his placement in "security quarantine" and the hospital (*id.* at 35).

The State submitted declarations from law library assistants at Liberty C.I. and Taylor C.I. (*see* ECF No. 10-18 (declaration of Virginia Hawkins); ECF No. 18-1 (declaration of James Biddy)). Virginia Hawkins, a law library assistant at Liberty C.I., states that on April 29, 2020, the law library closed for **in-person visits** due to COVID-19 concerns (ECF No. 10-18 at 2–3). Ms. Hawkins states that all inmates

could still access legal library services by submitting a Form DC6-236 Inmate Request. Ms. Hawkins states that when an inmate submitted an inmate request for law library services, a library assistant would personally visit the inmate, whether in general population or a confinement area, to provide library services. Ms. Hawkins states that library assistants, such as herself, were able to supply forms, library materials, copying services, and any other services that did not require providing legal advice. Ms. Hawkins states she could take inmate requests concerning legal advice to an inmate law clerk in quarantine for a response. Ms. Hawkins states that a verifiable deadline was not required for an inmate to access library services. Ms. Hawkins states she reviewed the library records from January 2020 through May 2020 and determined that Gathers accessed library services on January 12, January 21, February 11, February 16, February 17, February 28, and May 28, 2020. Hawkins attached the library records to her declaration (ECF No. 10-18 at 5–16).

Gathers does not dispute Ms. Hawkins' statement that the date of the law library closure at Liberty C.I. was April 29, 2020. Gathers also does not dispute Ms. Hawkins' statement that after the library closed for in-person services, inmates were still able to obtain court forms and copying services by submitting an inmate request. Gathers has not shown he is entitled to equitable tolling for any days between January 15, 2020 (the date after the First DCA's mandate in the Rule 3.850 appeal)

and May 5, 2020, the day Gathers entered administrative confinement and was allegedly separated from his legal work. That period of untolled time consumed **124 days of the 128 days remaining** on Gathers' one-year federal clock. In other words, as of May 5, 2020, Gathers had **4 days** remaining of the federal limitations period.

Gathers has arguably shown he is entitled to equitable tolling from May 5, 2020 through October 2020, when he allegedly did not have access to his legal documents due to his placement in administrative confinement at Liberty C.I. and "security quarantine" at Taylor C.I. Annex (*see* ECF No. 1 at 35).

The timeliness issue thus boils down to whether Gathers was prevented from filing his § 2254 petition for more than 4 days during the period November 1, 2020 to December 17, 2020 (the day before he filed his § 2254 petition) while he was housed at Taylor C.I.

James Biddy, a library technical assistant (LTA) at Taylor C.I. familiar with the library records at that institution, attached the relevant law library records to his declaration (ECF No. 18-1 at 5–13). The library records indicate that on October 26, 2020 and November 2, 2020, Gathers submitted inmate requests to the law library to see a law clerk regarding calculation of his federal habeas deadline (*see* ECF No. 8-1 at 6–7). Mr. Biddy states that Gathers attended the law library on

Case 4:20-cv-00587-MW-ZCB    Document 19    Filed 11/10/21    Page 10 of 13

Page 10 of 13

November 5, 2020 (*id.* at 3, 5–7). During that visit, Gathers consulted with a law clerk and was provided the § 2254 federal habeas petition form (*id.* at 6–7).

On November 5, 2020 (the same day Gathers went to the law library), he submitted another inmate request seeking three days in the law library to conduct legal research for his habeas petition (*see* ECF No. 8-1 at 9). Gathers was scheduled to attend the law library on November 10, 2020 but, according to Mr. Biddy, the visit was cancelled due to a "lockdown" of the institution of Gathers' dormitory (*id.* at 3, 8). Gathers attended the law library on November 16, 2020, and consulted with a law clerk (*id.* at 3, 9–10). Gathers attended the law library again on November 17, 2020 (*id.* at 3, 11). According to Mr. Biddy, Gathers was scheduled to attend the law library on December 9, 2020 but was a "no show" (*id.* at 3, 13).

Gathers was placed in confinement on December 14, 2020, but according to Mr. Biddy, inmates in confinement still had access to law library services (ECF No. 18-1 at 3). Inmates in confinement could submit inmate requests to the law library, and a library assistant would come to the inmate's confinement area (*id.*). Inmates could also access law clerk services by this same method (*id.*). Mr. Biddy states that this method was also available to inmates when specific housing units were under quarantine due to COVID-19 (*id.*).

Case No.: 4:20cv587/MW/EMT

Once Gathers had the § 2254 petition form and had consulted with a law clerk, which occurred on November 5, 2020, he had what he needed to file at least a bare bones § 2254 petition which would have stopped the federal clock. Gathers did not file his § 2254 petition until December 18, 2020, well after the 4 days remaining on his federal clock expired, and he has not shown that his untimely filing was caused by any extraordinary circumstance that prevented him from timely filing.

The undersigned concludes that Gathers has not shown a causal connection between any of the circumstances he describes and the late filing of his federal petition. Therefore, equitable tolling does not save Gathers' § 2254 petition from dismissal as time-barred.

## III. CONCLUSION

Gathers did not file his § 2254 petition within the one-year federal limitations period, and he has not shown that equitable tolling saves his petition from dismissal. Therefore, the State's motion to dismiss should be granted, and Gathers' § 2254 petition dismissed as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate

is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 10) be **GRANTED**; and the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED with prejudice as untimely**.

2. That a certificate of appealability be **DENIED**.

3. That the clerk of court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 10th day of November 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**